UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Treasure Wright,                                    File No. 25-cv-3376 (ECT/DTS)

      Plaintiff,

v.                                                              **OPINION AND ORDER**

Swift County, Minnesota and Katie Foley,
*in her official capacity as Swift County*
*Treasurer/Auditor*,

      Defendants.

_____

Treasure Wright, pro se.

Carlos B. Soto-Quezada and Jason J. Kuboushek, Iverson Reuvers, Bloomington, MN, for
Defendants Swift County, Minnesota and Katie Foley.

_____

Pro se Plaintiff Treasure Wright contacted Swift County several times in May, June,
and July 2025, to purchase tax-forfeited real property. According to Ms. Wright, the
County and its then-auditor and treasurer, Katie Foley, did not respond to some of Ms.
Wright's inquiries, took too long to respond to others, gave Ms. Wright inaccurate
information, and ultimately prevented Ms. Wright from bidding on or purchasing
tax-forfeited property. *See* Compl. [ECF No. 1] at 1–3.

In this case, Ms. Wright claims these actions (1) violated her right to procedural due
process under the Fourteenth Amendment; (2) violated her right to equal protection under
the Fourteenth Amendment; (3) violated her right to be free from retaliation because of her
exercise of First Amendment freedoms; and (4) amounted to government misconduct more
generally. *Id.* at 4. Ms. Wright brings each of these claims under 42 U.S.C. § 1983. Compl.

at 4.  Ms. Wright brings these claims against Swift County and Ms. Foley only "in her official capacity as Swift County Treasurer/Auditor."  *Id.* at 1.

Ms. Wright alleges that Defendants' actions caused her emotional distress, damaged her "dignity and trust in fair access to public resources," caused her financial harms "from being denied a life-changing property opportunity," and caused her to incur medical costs. *Id.* at 5.  For relief, Ms. Wright seeks compensatory damages of $3 million; a declaration that Defendants violated her constitutional rights; injunctions that would require Swift County to "restore [its] tax-forfeited land webpage," offer her "a fair and documented opportunity to purchase tax-forfeited land," and give her "construction of legal easement access to any parcel" she purchases; and "reasonable attorney's fees and costs if legal counsel is retained."  *Id.*

Defendants seek summary judgment under Federal Rule of Civil Procedure 56, and the motion will be granted.  No reasonable jury could find that Ms. Wright's injuries resulted from a governmental policy or custom.  Ms. Wright cannot state a cognizable claim for relief against Swift County without satisfying *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).  *Monell*'s basic rule is "that civil rights plaintiffs suing a municipal entity under 42 U.S.C. § 1983 must show that their injury was caused by a municipal policy or custom."  *Los Angeles County v. Humphries*, 562 U.S. 29, 30–31 (2010).  In other words, a municipality cannot be held liable under § 1983 because it employed a tortfeasor, but it may be "sued directly under § 1983 for monetary, declaratory, or injunctive relief . . . [only if] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially

2

adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. The same rule applies to Ms. Wright's claims against Ms. Foley because she sued Ms. Foley in only her official capacity. "A suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (quoting *Monell*, 436 U.S. at 690 n.55). "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by 'a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir. 2014) (quoting *Grayson v. Ross*, 454 F.3d 802, 810–11 (8th Cir. 2006)).

Ms. Wright has not met the burden *Monell* imposes. Her Complaint pleads no facts regarding the existence of a policy or policies that might have caused the constitutional violations she alleges. As part of their motion, Defendants explain that their responses (or non-responses) to Ms. Wright's inquiries resulted—not from any official policy—but from administrative challenges prompted by the combination of the County's auditor and treasurer offices. *See* ECF No. 20 ¶¶ 4–8. These, in turn, "caused administrative delays in all processes, including responding to emails," the inability to access information regarding tax-forfeited properties through the County's website, and the listing of some tax-forfeited properties as available "when they had already been sold." *Id.* ¶¶ 6–7. In her response to Defendants' motion, Ms. Wright neither addresses these explanations nor identifies any facts that might suggest that Defendants' allegedly unlawful actions were policy-driven in the sense *Monell* requires.

*Monell* aside, Ms. Wright does not explain or cite evidence showing how Defendants' treatment of her might conceivably rise to the level of a constitutional violation. She does not identify what process she did not receive that she believes the Fourteenth Amendment required. *See Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016) (explaining that, to show a due-process deprivation, a plaintiff must show (1) that Defendants deprived her of a liberty or property interest protected by the Fourteenth Amendment, and (2) that she was deprived of that interest without procedures that were constitutionally sufficient) (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam)). She does not identify the basis for her equal-protection claim. Is it sex, race, or something else? She identifies no comparator whom Defendants treated more favorably. *See Adam & Eve Jonesboro, LLC v. Perrin*, 933 F.3d 951, 959 (8th Cir. 2019) (explaining that the "first step" when evaluating an equal-protection claim is to decide "whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her") (quoting *In re Kemp*, 894 F.3d 900, 909 (8th Cir. 2018)). She does not identify what First Amendment-protected activity forms the basis for her retaliation claim. Nor does she connect protected activity to an adverse action. *See Bennie v. Munn*, 822 F.3d 392, 397 (8th Cir. 2016) (recognizing that, to state a First Amendment–retaliation claim under § 1983, a plaintiff must allege that: "(1) [she] engaged in a protected activity, (2) the government official[s] took adverse action against [her] that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity"). Finally, Ms. Wright identifies no

legal authority that might support the assertion of a generic "government misconduct" claim under § 1983.

Citing Rule 56(d), Ms. Wright argues that consideration of Defendants' summary-judgment motion would be premature because "discovery has not yet occurred." ECF No. 22 at 2. This is not persuasive. "Under Rule 56(d), a court may defer considering a summary judgment motion or allow time for discovery '[i]f a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition.'" *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836 (8th Cir. 2015) (quoting Fed. R. Civ. P. 56(d)). "However, Rule 56 'does not require trial courts to allow parties to conduct discovery before entering summary judgment.'" *Id.* (quoting *United States ex rel. Small Bus. Admin. v. Light,* 766 F.2d 394, 397 (8th Cir. 1985) (per curiam)). To comply with Rule 56(d), "it is not enough for a party to set forth some facts she hopes to elicit from further discovery." *Id.* at 836–37 (citation modified). "[T]he mere assertion that evidence supporting a party's allegation is in the opposing party's hands is insufficient to justify a denial of a summary judgment motion on [Rule 56(d)] grounds." *Id.* at 837 (quoting *Jones v. City and County of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988)). "Instead, the party must show that the facts sought exist." *Id.* (citation modified).

Here, Ms. Wright does not do what Rule 56(d) requires. She filed a declaration, but she described the evidence she seeks in the broadest possible terms. She asserted, for example, that she required discovery of documents "including but not limited to internal emails, memoranda, policies, directives, and records concerning over-the-counter sales of tax-forfeited property, auction scheduling, and determinations regarding parcel

availability." ECF No. 23 ¶ 4. Ms. Wright described other evidence she seeks at an equally high level of generality. *See id.* ¶¶ 5–9. Ms. Wright's explanation for why she needs these documents is similarly high-level. She asserted only that, "[w]ithout discovery of the foregoing materials, Plaintiff cannot fully present facts essential to justify her opposition to summary judgment, including evidence bearing on Defendants' knowledge, intent, internal decision-making, and the accuracy and completeness of representations made to Plaintiff." *Id.* ¶ 10. These generalized assertions do not identify what discovery is necessary with any reasonable precision. They do not connect requested discovery to claims. They do not justify deferring consideration of Defendants' motion.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.    Defendants Swift County, Minnesota and Katie Foley's Motion for Summary Judgment [ECF No. 16] is **GRANTED**.

2.    Plaintiff Treasure Wright's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 17, 2026                    s/ Eric C. Tostrud
                                         Eric C. Tostrud
                                         United States District Court

6